IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWAUN FLEMING,

                Plaintiff,

v.

KEVIN CARR, LIZZIE TEGELS,
CINDY O'DONNELL, MAASSEN,
HOLLY GUNDERSON,
EMILY DAVIDSON, HELGESON,
DARIN KRZYZANKOWSKI,
EMILY DAVISON, JODI DOUGHTERY,
T. HERTZ, T. ANDERSON,
K. PESLLE, REBECKA COOK,
and MAY J. LEMMENES,

                Defendants.

OPINION and ORDER

22-cv-473-wmc[1]

---

      Pro se plaintiff Dwaun Fleming is incarcerated at the John C. Burke Correctional Center. He contends that staff at Jackson Correctional Institution failed to provide adequate medical care for his hand while he was incarcerated there. Because Fleming is proceeding in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that the

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

complaint must be dismissed, but I will give Fleming an opportunity to file an amended complaint that fixes the problems I describe in this order.

## ALLEGATIONS OF FACT

Fleming had surgery on his right hand in 2015, but the procedure was not performed correctly. As a result, he experiences extreme pain in his hand, he has lost motion and feeling in it, and it will lock up and go numb. To treat his condition, Fleming uses ice, and he needs physical therapy and a lower bunk restriction. He also needs corrective surgery.

In 2019, Fleming was placed on a lower bunk restriction and scheduled to see a hand surgeon while housed at Waupun Correctional Institution. When he transferred to Jackson, he asked to be placed on the physical therapy schedule and was told that he would need to be evaluated by medical staff first. Fleming sent a health services request asking why he had to request physical therapy when staff could consult his medical files, and inquiring about his ice treatment, low bunk restriction, and surgical consult. Nurse Rebecka Cook confirmed the appointment as well as the ice treatment and low bunk restriction.

Fleming says that staff at Jackson have since failed to ensure his consistent access to a low bunk and physical therapy. Over the next year, Fleming continued to submit requests about his hand surgery and complained of constant pain, numbness, and tingling. In response, Fleming was at times told that he was on the list for a surgical consultation and other times he was told that there was no consultation scheduled. When Fleming finally had a consultation, the doctor ordered a CT scan of his right hand in preparation for surgery, but Nurse May Lemmenes told Fleming that he would need to pursue surgery on his own after his release because he had less than a year of incarceration left.

ANALYSIS

Fleming contends that defendants violated his Eighth Amendment rights by failing to provide consistent, meaningful pain relief and physical therapy, and delaying surgery. The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To prevail on an Eighth Amendment medical care claim, a prisoner must prove that he suffered from an objectively serious medical condition and that staff consciously failed to take reasonable steps to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Although Fleming's allegations about his hand suggest a serious medical need, I will dismiss the complaint because it fails to comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint contains no allegations specifying what actions 13 of the 15 named defendants took to violate Fleming's rights. Although Fleming generally alleges that medical staff have ignored his requests for treatment, liability in a civil rights lawsuit "is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). Because I cannot infer individual liability from general allegations, these 13 defendants do not have notice of what Fleming believes they each did to violate his rights as Rule 8 requires. That Fleming refers to attachments does not save his complaint. I will not consider

3

information contained in attachments; Fleming must include all of the allegations relevant to his claims in his complaint.

As for the remaining two defendants, Cook and Lemmenes, Fleming does not state an Eighth Amendment claim against either nurse. He contends that Cook confirmed Fleming's treatment order for ice and a low bunk restriction, and that he was scheduled to see a surgeon, while Lemmenes informed him that he could not pursue surgery until after his release, per institutional policy. But these allegations do not suggest that Fleming's chronic condition merited an emergency response, or that either nurse was responsible for any treatment delay or ignored Fleming's requests related to his treatment or pain. Even if either nurse were negligent in reviewing and responding to Fleming's treatment requests and recommendations, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

I will dismiss Fleming's complaint, but I will give him a short time to submit an amended complaint on the court's complaint form, which I will have the clerk of court send him. In drafting his amended complaint, Fleming should carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation. To that point, I note for Fleming's benefit that he cannot hold individuals liable in this type of civil lawsuit based only on their supervisory role over others. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Fleming should describe simply and concisely what actions he believes that each defendant took that violated his rights and should not file exhibits with his complaint. Should this case proceed past screening, Fleming will have the opportunity to present his evidence later.

If Fleming does not provide an amended complaint by the date below, I will dismiss the case and assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until **May 24, 2023**, to file an amended complaint as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

Entered May 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge