IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DWAUN FLEMING,

Plaintiff,

v.

KEVIN CARR, LIZZIE TEGELS,
CINDY O'DONNELL, MAASSEN,
HOLLY GUNDERSON, EMILY DAVIDSON,
HELGESON, DARIN KRYZYZANKOWSKI,
EMILY DAVISON, JODI DOUGHERTY,
T. HERTZ, T. ANDERSON, K. PESLLE,
REBECKA COOK, and MAY J. LEMMENES,

Defendants.

OPINION and ORDER

22-cv-473-wmc[1]

Pro se plaintiff Dwaun Fleming is incarcerated at Dodge Correctional Institution. He alleges that staff at Jackson Correctional Institution failed to provide him adequate medical care while he was incarcerated there. The court dismissed this lawsuit after Fleming failed to file an amended complaint that fixed the problems described in its initial screening order. Dkt. 8–9. Fleming now moves to reopen this case and has filed a proposed amended complaint. Dkt. 11–12. He explains that due to changes in his custody status and placement over the last few months, he could not access the law library and was unaware that he needed to amend his complaint until after the court had dismissed this lawsuit. Because Fleming has good cause for failing to file an amended complaint before now and promptly moved to reopen after he learned of the court's dismissal order, and because defendants were never served with the complaint and will not be prejudiced by a ruling in Fleming's favor, I will reopen this case.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Fleming is proceeding in forma pauperis, so I must screen the amended complaint as required under 28 U.S.C. §§ 1915, 1915A. With that standard in mind, I conclude that the amended complaint must also be dismissed for two reasons.

First, the only defendant Fleming names in the caption cannot be sued. The Wisconsin Department of Corrections is an agency of the State of Wisconsin and the state and its agencies are not suable "persons" in this § 1983 civil rights lawsuit. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Second, the allegations in the amended complaint are vague and conclusory. Even if I assume Fleming means to use each individual he names in the complaint, he does not identify his medical needs. I cannot infer that any individual consciously disregarded Fleming's serious medical needs in violation of his Eighth Amendment rights without an understanding of those needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (a prison official violates the Eighth Amendment where he consciously disregards "serious medical needs of prisoners"). Nor can I infer that a defendant showed conscious disregard from conclusory allegations that they "ignore[d]" Fleming's "medical request forms and [his] serious medical needs in general," "refused to acknowledge [his] need for physical therapy," or "denied [his] appeal when clearly the department failed to provide consistent, meaningful pain relief and delayed necessary surgery." Dkt. 12 at 2–3.

It appears that Fleming prepared his amended complaint quickly, and he explains that he did not have the benefit of the supplemental exhibits he filed with his initial complaint including health services requests and inmate grievances to help him recall factual details. Because Fleming may still be able to state medical care claims, I will allow him a final

2

opportunity to submit an amended complaint that names suable defendants in the caption and complies with the federal rules of civil procedure, which I will screen.

In drafting his second amended complaint, Fleming must use the court's prisoner complaint form that I will direct the clerk of court to send him. He should name each individual that he wants to sue in the caption of the complaint and allege in the complaint what his medical needs were and what he believes each of these individuals did to violate his rights with respect to those needs. For Fleming's benefit, I note that he cannot sue individuals in this type of lawsuit based only on their supervisory role over others; a defendant must have caused or participated in the constitutional violation to be personally liable. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (Because "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions," a defendant must be personally responsible for the deprivation of a constitutional right).

Because Fleming's second amended complaint will replace his previous complaints, and because I will not consider information contained in attachments, he must include all of his allegations in the second amended complaint. If Fleming still needs copies of his original complaint and exhibits to accomplish this task, he may request copies for a fee from the clerk's office. I will account for the time to obtain copies in setting Fleming's response deadline. The court will dismiss this lawsuit again if Fleming does not respond to this order by the deadline indicated below.

Finally, Fleming should keep in mind that it is his responsibility to stay informed about developments in this lawsuit and to notify the court of any new address. The court may also dismiss this lawsuit if the court or defendants cannot locate him.

3

ORDER

IT IS ORDERED that:

1. Plaintiff's amended complaint is DISMISSED without prejudice for its failure to name a proper defendant or to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until **July 24, 2023**, to file a second amended complaint the fixes the problems described in this order. If plaintiff does not respond by that deadline, the court will dismiss this lawsuit with prejudice for his failure to prosecute it.

3. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form. Plaintiff may request copies of court documents for a fee from the clerk's office.

Entered June 22, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4